UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH BRYANT,

                Plaintiff,

                v.

COUNTY OF MONROE, et al.,

                Defendants.
_____

<u>DECISION & ORDER</u> and
<u>REPORT & RECOMMENDATION</u>

15-CV-6747CJS

Plaintiff Keith Bryant ("Bryant") filed this action against defendants the County of Monroe ("County"), Deputy J. Scott ("Scott"), and John Doe 2 (collectively, "defendants"), asserting claims pursuant to 42 U.S.C. § 1983.[1] (Docket ## 1, 11). Defendants Scott and the County answered the complaint on September 13, 2017 (Docket # 15); in accordance with Judge Siragusa's direction, Senior Deputy County Attorney Matthew D. Brown ("Brown") identified Corporal Jeffrey LaMartina ("LaMartina") as John Doe 2 by letter dated November 14, 2017. (Docket ## 13, 20). Pursuant to Judge Siragusa's Order, LaMartina was added as a defendant to the action and served with the complaint. (Docket ## 13, 22). LaMartina answered the complaint on December 14, 2017. (Docket # 23).

Currently pending before the Court is Bryant's motion for leave to file an amended complaint. (Docket ## 25, 26). Bryant seeks leave to amend his complaint to substitute Deputy Schliff in place of LaMartina and to dismiss LaMartina from the action. (*Id.*). According to Bryant, LaMartina was incorrectly identified by Brown as John Doe 2. (*Id.*).

---

[1] Bryant also named Nurse Hamm and Superintendent Harling as defendants to the action, but they have been dismissed from the case. (Docket ## 1, 11, 13).

Bryant maintains that his review of documents produced during discovery suggests that Schliff, not LaMartina, is John Doe 2 and requests substitution of Schliff and service of the amended complaint upon him by the United States Marshal.[2] (*Id.*). Additionally, Bryant seeks to add Deputy Cleary ("Cleary"), Deputy Dimaria ("Dimaria"), and Deputy Parks ("Parks") as defendants to the action. (Docket ## 25 at 3; 26). Bryant contends that during a separate incident on June 22, 2017, he was arrested by the three deputies and assaulted by either Cleary or Parks in the presence of the other deputies, in retaliation for his lawsuit against Scott and Schliff. (*Id.*). Bryant seeks leave to assert claims against them for excessive force, failure to protect and retaliation. (*Id.*).

Defendants Scott and the County answered the proposed amended complaint on February 9, 2018. (Docket # 28). On February 13, 2018, this Court issued a motion scheduling order requiring defendants to respond to Bryant's motion to amend by no later than February 28, 2018. (Docket # 31). The defendants did not oppose the motion. *See TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motions was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend,

---

[2] Bryant maintains that Brown attempted to deceive the Court by identifying LaMartina as John Doe 2 and requests an order imposing sanctions. (Docket # 25). The document relied upon by Bryant suggests that both Schliff and LaMartina were involved in the handcuffing of Bryant on June 11, 2015. (*Id.* at 7). Further, in his letter identifying LaMartina, Brown indicated that the identity of the individual was "not clear," but that LaMartina was "an individual involved in handcuffing Plaintiff on the date in question." (Docket # 20). On these facts, I find no basis for imposing sanctions against Brown.

2

which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). The decision whether to grant a motion to amend lies within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the trial court may deny leave to amend "when the movant has unduly delayed in seeking leave, when it is apparent that [he] is acting in bad faith or with dilatory motive, when the opposing party will be unduly prejudiced if leave is granted or when the proposed amendment would be futile." *Gavenda v. Orleans Cty.*, 1996 WL 685740, *2 (W.D.N.Y. 1996) (citing *Foman v. Davis*, 371 U.S. at 182).

The record before the Court does not suggest any "prejudice, undue delay, bad faith, or futility that could compel the [c]ourt to deny [Bryant's] motion to amend the complaint in this manner."[3] *See*, *e.g.*, *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1142916, *2 (S.D.N.Y. 2011) ("[i]n light of this liberal [Rule 15] standard for granting leave to amend and the fact that this motion was timely filed pursuant to my scheduling order, the amendments to the [c]omplaint that are unopposed by the current defendants need not be discussed in detail [and are granted]"); *Esmilla v. Cosmopolitan Club*, 2011 WL 814007, *2 (S.D.N.Y. 2011) (granting plaintiff's unopposed motion to amend complaint to add new claims against existing defendant and to add additional factual allegations relating to claims); *Barbagallo v. Gen. Motors Corp.*, 1990 WL 100874, *3 (S.D.N.Y. 1990) ("[plaintiff's] motion

---

[3] Because Bryant seeks to add new defendants, his motion must also be evaluated under Rule 20(a) of the Federal Rules of Civil Procedure, which governs joinder of additional parties. Fed. R. Civ. P. 20(a). As noted above, defendants have not opposed the addition of the new defendants to the action under Rule 20(a), and I find that Rule 20(a) is not, standing alone, an impediment to the addition of these defendants.

3

to amend his complaint to add an additional claim . . . , to the extent that it is unopposed, is granted").

## CONCLUSION

For the reasons discussed above, Bryant's motion to amend **(Docket # 25)** is **GRANTED.**  The Clerk of the Court is directed to file the proposed amended complaint (Docket # 26) as the Second Amended Complaint, and service of the Second Amended Complaint on the defendants who have already appeared in this action shall be made by the Clerk's mailing of a copy of the Second Amended Complaint to each defendant's attorney of record.  The Clerk of the Court is also directed to substitute Schliff for LaMartina in the caption of the case.  The Clerk of the Court is further directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendants Schliff, Cleary, Dimaria, and Parks without Bryant's payment therefore, unpaid fess to be recoverable if this action terminates by monetary award in Bryant's favor.  Upon service, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Schliff, Cleary, Dimaria, and Parks are directed to answer the amended complaint. The defendants who have already answered need not file amended answers.  This Court will conduct a status conference on **July 19, 2018**, at **10:00 a.m.**

It is recommended that the district court grant the motion to dismiss LaMartina (Docket # 25) and terminate him from this action.

**IT IS SO ORDERED.**

                                                                     *s/Marian W. Payson*
                                                                      MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       May 1, 2018

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                    *s/Marian W. Payson*
                    MARIAN W. PAYSON
                    United States Magistrate Judge

Dated: Rochester, New York
       May 1, 2018