UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEITH BRYANT,

                                Plaintiff,

        v.

MONROE COUNTY, et al.,

                                Defendants.
_____

DECISION & ORDER

15-CV-6747CJS

On December 14, 2015, plaintiff Keith Bryant ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, asserting claims arising out of defendants' use of physical force against him. (Docket # 1). Currently before this Court is plaintiff's request for appointment of counsel. (Docket # 62). In his submission, plaintiff states he has been unsuccessful in his attempts to obtain counsel, but that his case has merit, citing the fact that one of the defendants pled guilty to disciplinary charges stemming from his interaction with plaintiff. (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.      Whether the indigent's claims seem likely to be of substance;

        2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Having reviewed the facts presented herein in light of the factors required by law and pursuant to the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I conclude that plaintiff's allegations in connection with his request for counsel present sufficient circumstances to justify appointment of counsel to assist plaintiff with the prosecution of his claims.

Accordingly, plaintiff's request for appointment of counsel **(Docket # 62)** is **GRANTED**. The Court hereby directs the *Pro Se* Clerk to identify an attorney who is willing to represent plaintiff with the litigation of this matter and to advise this Court when *pro bono* counsel has been identified.

**IT IS SO ORDERED.**

                                                                    *s/Marian W. Payson*
                                                                 MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       November 6, 2019